This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**NANCY LEWIS and BROWN DOG,**

     Plaintiff-Appellant,

v.                       **NO. 29,582**

**STATE OF NEW MEXICO**
**HUMAN SERVICES DEPARTMENT,**
**ANTOINETTE CORDOVA**
**COUNTY DIRECTOR,**

     Defendants-Appellees.

**APPEAL FROM THE DISTRICT COURT OF RIO ARRIBA COUNTY**
**Sheri A. Raphelson, District Judge**

Nancy Lewis
Espanola, NM

Pro Se Appellant

Long, Pound & Komer, P.A.
Little V. West
Santa, NM

for Appellees

**MEMORANDUM OPINION**

**WECHSLER, Judge.**

Appellant appeals, pro se, from the district court order dismissing her complaint. This Court issued a calendar notice proposing to affirm. Appellant has filed a memorandum in opposition and a motion to amend the docketing statement. Appellees have filed a response to Appellant's motion to amend the docketing statement. Having considered the parties' arguments, we deny Appellant's motion to amend her docketing statement and affirm the district court order dismissing her complaint.

**DISCUSSION**

**District Court's Dismissal of Appellant's Complaint**

In this Court's calendar notice we proposed to affirm the district court's decision dismissing Appellant's complaint on the grounds that (1) to the extent Appellant's complaint was an appeal from an administrative order, it was untimely, [CN 2-3] and (2) to the extent Appellant was initiating litigation based on the district court's original jurisdiction, Appellant had failed to state a claim for relief. [CN 3-5] In response, Appellant does not contest this Court's proposal that, to the extent her complaint was an appeal, it was untimely. [Appellant's motion to amend the D.S. (hereafter, ADS) 2] Instead, Appellant contends that dismissal of her complaint

alleging claims of fraud, abuse, and negligence, was error. [ADS 2]

As we pointed out in our calendar notice, Appellant did not plead the necessary requirements for fraud and cited no legal authority on appeal indicating that the facts of the case constitute fraud and that dismissal was inappropriate. [CN 4-5] *See* Rule 1-009(B) NMRA ("In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."); *see also In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (stating that an appellate court will not consider an issue if no authority is cited in support of the issue). We further noted that, to the extent Appellant claimed negligence and abuse, Appellant had not informed this Court how her complaint satisfied the pleading requirements for a claim of negligence, *see* UJI 13-1601 NMRA, and Appellant had not identified the elements of abuse or alleged how they were satisfied. *See* Rule 1-008(A) NMRA (providing that general rules of pleading require a pleading to include "a short and plain statement of the claim showing that the pleader is entitled to relief"). [CN 5] We further proposed to presume that, in the absence of such a demonstration, the district court was correct. *See Farmers, Inc. v. Dal Mach. & Fabricating, Inc.*, 111 N.M. 6, 8, 800 P.2d 1063, 1065 (1990). [CN 5]

In response, Appellant still has not pointed out how her allegations satisfy the

requirements for alleging a claim of fraud, negligence, or abuse. [ADS 2-9] Accordingly, we conclude that Appellant has not satisfied her burden of demonstrating error in this Court's proposed disposition, *see Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."), or error on the part of the district court, *see Farmers, Inc.*, 111 N.M. at 8, 800 P.2d at 1065 ("The presumption upon review favors the correctness of the trial court's actions. Appellant must affirmatively demonstrate its assertion of error."). To the extent Appellant argues that pro se litigants should be provided the opportunity to file a responsive pleading to a motion to dismiss, rather than the complaint being dismissed outright [MIO 3-4 (citing the opinion of Justice Thurgood Marshall)], we note that Appellant was provided the opportunity to respond to Appellees' motion to dismiss in the district court [RP 41-45]; thus, we are unpersuaded.

**Motion to Amend the Docketing Statement**

Appellant filed a motion to amend her docketing statement. The essential requirements to show good cause for our allowance of an amendment to an appellant's docketing statement are: (1) that the motion be timely, (2) that the new issue sought

4

to be raised was either (a) properly preserved below or (b) allowed to be raised for the first time on appeal, and (3) that the issues raised are viable. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *overruled on other grounds by State v. Salgado*, 112 N.M. 537, 538, 817 P.2d 730, 731 (Ct. App. 1991). As Appellees point out, Appellant has not complied with these requirements for demonstrating good cause for an allowance of an amendment to her docketing statement. Thus, to the extent Appellant's proposed amended docketing statement raises new issues, Appellant's motion to amend is denied. We note, however, that it is unclear what additional arguments Appellant has raised. Ultimately, it is unnecessary for this Court to decipher which issues are newly raised and which issues were raised in Appellant's docketing statement since we have considered the arguments contained in Appellant's proposed amended docketing statement and, for the reasons stated above, conclude that none of the issues raised is viable.

**CONCLUSION**

For the reasons stated above and in this Court's notice of proposed disposition, we affirm the district court order dismissing Appellant's complaint. We further deny Appellant's motion to amend her docketing statement to the extent it raises new issues.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**JONATHAN B. SUTIN, Judge**

_____
**LINDA M. VANZI, Judge**

6